UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Pope                                                        Civil Action No. 6:17-cv-01422

versus                                           Judge Dee D. Drell

Stanley, et al                                Magistrate Judge Carol B. Whitehurst

## **ORDER**

Before the Court is Plaintiff's, Motion To Strike Defendant [Lafayette City-Parish Consolidated Government's ("LCG")] Affirmative Defenses [Rec. Doc. 26] and LCG's Opposition thereto [Rec. Doc. 34]. For the following reasons, the motion is denied.

On November 1, 2017, Plaintiff, Brian L. Pope, individually and in his capacity as Marshal for the City Court of Lafayette, Louisiana, brought this action against LCG under the Stored Communications Act ("SCA") and the Fourth Amendment. *R. 2, ¶ 3*. LCG filed its answer to Plaintiff's Complaint on December 28, 2017 alleging fourteen affirmative defenses. [Rec. Doc.16]. Plaintiff filed the instant motion on January 3, 2018, contending that all of LCG's defenses must be stricken as they are not pled with specificity and are without legal foundation.

Rule 12(f) of the Federal Rules of Civil Procedure permits the district court to strike "an insufficient defense" from a pleading. Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses under Rule 12(f) are disfavored in the Fifth Circuit and are not often granted. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litig.*,

600 F.2d 1148, 1168 (5th Cir. 1979). A motion to strike defenses should not be granted unless the moving party demonstrates that denial of the motion would be prejudicial to the moving party. *Alba-Cruz v. Ard*, 2017 WL 2362010, at *2 (M.D.La., 2017). "Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013)."Even when addressing a pure question of legal sufficiency courts are 'very reluctant' to determine such issues on a motion to strike, preferring to determine them 'only after further development by way of discovery and a hearing on the merits, either on summary judgment motion or at trial.'" *Veranda Associates, L.P. v. Hooper*, 2012 WL 602143, at *3 (S.D.Tex.,2012) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.2004)).

Rule 8(c) of the Federal Rules of Civil Procedure requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)). The relevant focus is whether the pleading is sufficient to identify and provide "fair notice" of the basis for the affirmative defense in question. *Woodfield*, 193 F.3d. at 362. "[F]air notice" is satisfied if the defense is "sufficiently articulated ... so that the plaintiff [is] not a victim of unfair surprise." *Id*.; *see also Rogers*, 521 F.3d at 385 ("The concern is that a defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense."). In some cases, "merely pleading the name of the affirmative defense...may be sufficient." *Woodfield*, 193 F.3d

at 362.

Here, Plaintiff has not met his heavy burden of establishing that striking all of LCG's defenses is appropriate. This case is largely undeveloped. LGC should have the opportunity to wage affirmative defenses. The Court finds the affirmative defenses provide Plaintiff with fair notice of what LCG is seeking. Even if some of the defenses are minimally expressed, the Court finds Plaintiff will not be a victim of unfair surprise.

Accordingly,

**IT IS ORDERED** that Plaintiff, Brian L. Pope's, Rule12(f) Motion To Strike Defendant [Lafayette City-Parish Consolidated Government's ("LCG")] Affirmative Defenses [Rec. Doc. 26] is DENIED.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 4th day of April, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE