UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Pope

versus

Stanley, et al

Civil Action No. 6:17-cv-01422

Judge Dee D. Drell

Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

Before the Court, on referral from the district judge, are the following motions: (1) A Rule 12(b)(6) Motion To Dismiss filed by Defendant Dee Edward Stanley ("Stanley") [Rec. Doc. 11], and Plaintiff's Memorandum in Opposition [Rec. Doc. 25]; (2) A Motion For Partial Summary Judgment filed by Plaintiff, Brian L. Pope [Rec. Doc. 33], Defendant Michael Dean Hebert's ("Hebert") Opposition [Rec. Doc. 41], and Rule 56(d) Motion To Dismiss Or Defer Plaintiff's Motion [Rec. Doc. 39]; and (3) Hebert's Unopposed[1] Motion To Dismiss [Rec. Doc. 43]. For the following reasons, the undersigned recommends that Stanley's Motion To Dismiss be Granted in part and Denied in part; Plaintiff's Motion For Partial Summary Judgment be Denied; and, Hebert's Motion To Dismiss be Granted.

*I. Background*

Plaintiff, Brian L. Pope, individually and in his capacity as Marshal for the City Court of Lafayette, Louisiana, brings this action under the Stored Communications Act, 18 U.S.C. § 2700 *et seq*. ("SCA"). The various pleadings in this action reveal

---

[1] Hebert filed this Motion on February 12, 2018. Pursuant to Local Rule 7.5, Plaintiff's opposition to the Motion was due on March 5, 2018.

that on or about November 30, 2015, the Independent Weekly LLC made a request pursuant to the Louisiana Public Records Law, La. R.S. 44:1 *et seq.* ("Public Records request"), of both the Marshal's Office and Lafayette City-Parish Consolidated Government ("LCG") for copies of Pope's emails. *R. 14-1, Exh. B*. Stanley, acting as Chief Administrative Officer of LCG, and Michael Dean Hebert ("Hebert"), acting as Attorney of the LCG, received courtesy copies of the request made on LCG. Stanley took no action with regard to the production of Pope's emails but requested that LCG's IT Director assist Attorney Hebert in opening some of the documents. *R. 14-3., p. 57*. Hebert, acting on behalf of LCG, responded to the Public Records request. *R. 43*. Plaintiff refused to comply with the request directed to the Marshal's Office.

Plaintiff sued LCG, Stanley and Hebert ("Defendants") alleging that Defendants' access of Plaintiff's electronic communications, and its search, seizure, review and distribution of such communication without his consent violated 18 U.S.C. §§ 2702 and 2703 of the Stored Communications Act and the Fourth Amendment. *R. 1, ¶ 3*.[2] In particular, Plaintiff alleged that Defendants' response to the Public Records request resulted in injuries to Plaintiff's privacy rights and caused economic harm due to LCG's unlawful action and disclosure to adversarial third parties, resulting in unjust enrichment to the third parties. *Id. at ¶ 5*. Plaintiff further alleged that the State of Louisiana initiated criminal prosecution arising from civil

---

[2] Plaintiff's original Complaint also included 18 U.S.C. § 2701. Following Hebert's filing of his Motion To Dismiss with regard to § 2701, Plaintiff amended his Complaint on December 29, 2017 eliminating his allegations under § 2701. *R. 21*.

litigation relating to the email messages which were the subject of the public records request. *Id.* Plaintiff also alleged he incurred contempt sanctions and legal fees as well as attorney fees which he relates to Defendants' public records disclosure. *Id.* at 1, ¶ 6.

## II. Law and Analysis

*A. The Stored Communications Act*

"The Stored Communications Act ("SCA") governs the privacy of stored electronic communications in the United States. Congress passed the SCA as part of the Electronic Communications Privacy Act (ECPA). Generally, the SCA (1) prohibits unauthorized access to certain electronic communications, *see* 18 U.S.C. § 2701; (2) restricts service providers from voluntarily disclosing the contents of customer communications or records to certain entities and individuals, *see id.* § 2702; and (3) permits a governmental entity to compel a service provider to disclose customer communications or records in certain circumstances, *see id.* § 2703." *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 249–50 (5th Cir. 2017).

18 U.S.C. § 2702(a)(1) states that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." Plaintiff claims that Defendants violated this section by knowingly divulging the contents of Plaintiff's e-mails in response to the Public Records request.

To be liable for the disclosure of Plaintiff's e-mails, LCG must fall under the purview of the Act: LCG must provide "electronic communication service to the

public." 18 U.S.C. § 2702(a)(1). "The statute defines 'electronic communication service' as 'any service which provides to users thereof the ability to send or receive wire or electronic communications.' 18 U.S.C. § 2510(15). The statute does not define 'public.' The word 'public,' however, is unambiguous. Public means the 'aggregate of the citizens' or 'everybody' or 'the people at large' or 'the community at large.' Black's Law Dictionary 1227 (6th ed.1990). Thus, the statute covers any entity that provides electronic communication service (e.g., e-mail) to the community at large." *Andersen Consulting LLP v. UOP*, 991 F.Supp. 1041, 1042 (N.D.Ill.,1998).

B. The Related Case, *Pope v. Lafayette, Civil Action No. 18-00178*

Plaintiff filed an action in this Court related to the instant lawsuit on February 10, 2018, naming only the LCG as a defendant. *Pope v. Lafayette, Civil Action No. 18-00178*. There, Plaintiff's Complaint requested a Temporary Restraining Order ("TRO") and Preliminary Injunction ("P.I.") Pursuant to the Stored Communications Act, enjoining LCG, its employees and attorneys, "from accessing, searching, or disclosing on any basis other than those authorized by the SCA." *Id. at R. 1, p. 1*. Plaintiff represented the LCG placed it on notice that it had accessed, searched, and gathered from storage email messages in anticipation of disclosure to a third party and that it intended to release such emails by February 14, 2018. *Id. at p. 2*. Plaintiff contended injunctive relief was necessary "to prevent a violation of the provisions of the SCA and maintain the status quo during the pendency of this litigation." *Id.* Plaintiff specifically referenced the instant case in support of its TRO and P.I. *Id. at p. 4.*

On February 14, 2018, the undersigned conducted a telephone conference with the parties in order to request that any action on the public records request of Plaintiff's emails in the related case be stayed until a district judge was assigned to the related case. *Id. at R. 7.* On February 15, 2018, the related lawsuit was assigned to United States District Judge Dee D. Drell. *Id. at R. 9.* Judge Drell conducted an injunction hearing on March 19, 2018. *R. 20.* Following the hearing, which included witness testimony, the court issued its decision. *Id. at R. 23.* Initially, the court discussed the historical development and implications of 18 U.S.C. §§ 2701 and 2702. Upon considering the evidence presented in the hearing, Judge Drell held that the LCG is not a "public provider of internet services." Based on the language in the statutes, he further held that the dispute between the Plaintiff and the LCG is "outside of the purview of the ... Stored Communications Act." *Id. at p. 5.* In other words, "the finding here is that the statute simply does not apply." *Id.*

C. The Motions Before The Court

In considering the Motions before it, the Court takes judicial notice of Judge Drell's ruling in the related case, *Pope v. Lafayette, Civil Action No. 18-00178* ("Ruling"). "A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom." *Blank v. Collin County*, 710 Fed.Appx. 203, 204 (5th Cir. 2018) (quoting *In re Missionary Baptist Found. of Am., Inc.*, 712 F.2d 206, 211 (5th Cir. 1983). When reviewing a motion to dismiss, a district court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in

5

particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, (2007)).

### *1. Stanley's Rule 12(b)(6) Motion To Dismiss*

Defendant Stanley filed a motion to dismiss addressing Plaintiff's original Complaint alleging claims against him pursuant to the SCA. *R. 11*. As previously stated, the record indicates that Plaintiff filed an Amended Complaint on December 29, 2017, *R. 21*, which eliminated Plaintiff's claims under § 2701 of the SCA and instead substituted claims for violation of § 2702(a)(1) and (2) and § 2703(a). *Id.,* ¶¶ *3, 4, 5*. In his motion, Stanley argues that because he had no meaningful participation in the access, search, assimilation, review or production of emails in response to the public records request, Plaintiff's claims under the SCA should be dismissed against him. He further argues additionally, and in the alternative, that Plaintiff be required to provide a more definite statement under F.R.C.P. Rule 12(e).

Based on Judge Drell's March 19, 2018 Ruling in the related lawsuit that the SCA does not apply in this case, the Court will grant Stanley's motion to dismiss Plaintiff's SCA claims against him.

### *2. Plaintiff's Motion For Partial Summary Judgment*

On January 23, 2018, Plaintiff filed a Motion For Partial Summary Judgment moving the Court to find liability as to all Defendants on the issue of intentional disclosure of stored email message, and that the Louisiana Public Record Law

provides no justification or defense on the basis of good faith reliance under the provisions of the SCA, pursuant to § 2703(e). Plaintiff contended that a favorable ruling would determine liability and leave only the damages and attorneys fees issues for litigation.

In his opposition, Defendant Hebert argues that Plaintiff's motion is premature as Hebert has not yet answered the Complaint, the Rule 26 disclosures have not been ordered/entered and discovery has not been conducted. *R. 41, pp. 12-13.* Also, Defendants Stanley and LCG filed a Motion For Rule 56(d) contending that Plaintiff's motion is premature for the reasons noted by Hebert, and further attached affidavits attesting that additional discovery is needed in order to respond to Plaintiff's motion.[3] *R. 39.* The Court agrees that Plaintiff's motion is premature and a Rule 56(d) order would be warranted. Because Judge Drell's Ruling determined that the SCA did not apply in the related action, however, Plaintiff's motion for partial summary judgment based on the SCA in this action fails on its own accord. Thus, the Court will recommend that Defendants' Rule 56(f) Motion be Denied as Moot.

---

[3] Rule 56(d) provides in pertinent part:
Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
Fed. R. Civ. P. 56(d).

"Rule 56(d) discovery motions are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir.2006).

*3. Hebert's Unopposed Motion To Dismiss*

On February 12, 2018, Hebert filed a second Motion To Dismiss Plaintiff's claims in the Amended Complaint[4] under 18 U.S.C. §§ 2702 and 2703 of the SCA. *R. 43*. Plaintiff filed no opposition to the Motion. As provided in the foregoing, the facts and circumstances in this case, and pertinent to this Motion, are virtually identical to those in the related case—that is, Defendants' access of Plaintiff's emails without his consent violated 18 U.S.C. §§ 2702 and 2703 of the SCA. Just as Judge Drell held in the related case that the dispute between Plaintiff and the LCG is outside the purview of the Stored Communications Act, the SCA is also not applicable in this action.

*Conclusion and Recommendations*

It is with judicial notice of Judge Drell's Ruling in the related case, *Pope v. Lafayette, Civil Action No. 18-00178*, that the undersigned makes the following recommendations: the Rule 12(b)(6) Motion To Dismiss filed by Dee Edward Stanley [Rec. Doc. 11] be GRANTED as to Plaintiff's SCA claims; Plaintiff's Motion For Partial Summary Judgment [Rec. Doc. 33] be DENIED; and Hebert's Unopposed Motion To Dismiss [Rec. Doc. 43] be GRANTED. The undersigned further recommends that Defendants' Rule 56(f) Motion [Rec. Doc 39] be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

---

[4] The Court previously denied Hebert's first Motion To Dismiss, *R. 14*, as moot.

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Signed at Lafayette, Louisiana, this 4th day of April, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE