# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Pope | Civil Action No. 6:17-cv-01422 |
| versus | Judge Dee D. Drell |
| Stanley, et al | Magistrate Judge Carol B. Whitehurst |

## ORDER

Before the Court is a Motion To Strike and Motion To Dismiss [Rec. Doc. 14] filed by Defendant Michael Dale Hebert ("Hebert"), Plaintiff's Rule 12(f) Motion To Strike Attachments to Hebert's Motion To Dismiss [Rec. Doc. 22] and Hebert's Opposition to Plaintiff's Rule 12(f) Motion [Rec. Doc. 32]. For the following reasons, the motions are denied as moot.

### I. Background

Plaintiff, Brian Pope, individually and in his capacity as Marshal for the City Court of Lafayette, Louisiana, brought this action under the Stored Communications Act, 18 U.S.C. § 2700 *et seq*. The various pleadings in this action reveal that on or about November 30, 2015, the Independent Weekly LLC made a request pursuant to the Louisiana Public Records Law, La. R.S. 44:1 *et seq.,* of both the Marshal's Office and Lafayette City-Parish Consolidated Government ("LCG") for copies of Pope's emails. *R. 14-1, Exh. B*. Stanley, acting as Chief Administrative Officer of LCG, and Michael Dean Hebert ("Hebert"), acting as Attorney of the LCG, received courtesy copies of the request made on LCG. Stanley took no action with regard to the production of Pope's email but requested that LCG's IT Director assist Attorney Hebert in opening some of the documents. *R. 14-3., p. 57*. Hebert, acting on behalf

of LCG, responded to the Public Records request. *R. 43*. Plaintiff refused to comply with the request directed to the Marshal's Office.

Plaintiff sued LCG, Stanley and Hebert ("Defendants") alleging that Defendants' access of Plaintiff's electronic communications, and its search, seizure, review and distribution of such communication without his consent violated 18 U.S.C. § 2701 of the Stored Communications Act ("SCA") as well as the Fourth Amendment. *R. 1, ¶ 3*. On December 22, 2018, Hebert filed the instant motion to strike and motion to dismiss, seeking to strike legal conclusions and arguments in Plaintiff's Complaint and seeking a dismissal as to Plaintiff's claims under the SCA based on the good faith reliance under the provisions of the SCA, pursuant to § 2703(e). On December 29, 2017, the Court granted Plaintiff's motion to file an Amended Complaint. *R. 19, 20.* Plaintiff's Amended Complaint eliminated the legal conclusions and arguments in paragraphs 1-4 objected to by Hebert, and also eliminated his claims under 18 U.S.C. § 2701 of the SCA—alleging instead claims pursuant to 18 U.S.C. §§ 2702(a)(1)and (2) and 2703(a) of the SCA. *R. 21*. On December 30, 2017, Plaintiff filed the instant motion to strike, moving the Court to decline to consider any of the exhibits attached to Hebert's motion to dismiss, or alternatively to convert the motion to a motion for summary judgment. *R. 22*.

Plaintiff filed the Amended Complaint and Motion to Strike in response to Hebert's motions. As the Amended Complaint mooted the issues raised in Hebert's

2

motions, the Court will deny the motion to strike and the motion to dismiss as moot.[1]
Also, because Plaintiff's motion to strike, *R. 26*, was filed in response to the motion to dismiss, it will also be denied as moot.

Accordingly,

**IT IS ORDERED** that the Motion To Strike and Motion To Dismiss [Rec. Doc. 14] filed by Michael Dale Hebert is DENIED AS MOOT.

**IT IS FURTHERED ORDERED** that Plaintiff, Brian L. Pope's, Rule 12(f) Motion To Strike Attachments to Hebert's Motion To Dismiss [Rec. Doc. 22] is DENIED AS MOOT.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 4th day of April, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[1] In his Oopposition to Plaintiff's Motion To Strike, Hebert contends that his good faith reliance defense in the motion to dismiss is still viable and has not been rendered moot by Plaintiff's Amended Complaint. *R. 32, pp. 8-9*. As Hebert's second Motion To Dismiss also alleges good faith reliance, *R. 43,* the Court will deny the instant motion as moot.