UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**Pope**                                                       **Case No. 6:17-Cv-01422**

**Versus**                                          **Judge Dee D. Drell**

**Stanley et al**                            **Magistrate Judge Carol B. Whitehurst**

### Report and Recommendation

Before the Court is Defendant, Lafayette City-Parish Consolidated Government's ("LCG") unopposed[1] Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint [Rec. Doc. 64], moving for an order dismissing Plaintiff's Amended Complaint in light of the decision rendered by District Judge Dee D. Drell on March 19, 2018, in the related case *Pope v. Lafayette City-Parish Consolidated Government,* Civil Action No. 6:18-00178 (W.D. La. 2018). In his March 19, 2018 decision Judge Drell found the Stored Communications Act ("SCA") is not applicable to the electronic communication services or remote computing services provided by LCG to the Marshal's Office as LCG does not provide these services to the public.

On April 4, 2018, this Court took judicial notice of Judge Drell's Ruling in the related case, *Pope v. Lafayette,* Civil Action No. 18-00178, and recommended

---

[1] Pursuant to LR 7.5, any opposition to LCG's Motion was due by April 17, 2018.

that the Rule 12(b)(6) Motions To Dismiss filed by Dee Edward Stanley [Rec. Doc. 11] and Michael Dean Hebert [Rec. Doc. 43] be granted and Plaintiff's SCA claims against them be dismissed. Judge Drell affirmed and adopted this Court's Report and Recommendations on April 24, 2018, *R. 62*. LCG now files the instant motion to dismiss Plaintiff's SCA claims against it based on this Court's past rulings, as cited above.

For the reasons provided in this Court's April 4, 2018 Report and Recommendation, *R. 53*, the Court recommends that LCG's unopposed[2] Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint [Rec. Doc. 64] be **GRANTED** and Plaintiff's SCA claims against it be **DISMISSED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen (14) days following the date of its service, or within the time frame

---

[2] Pursuant to LR 7.5, any opposition to LCG's Motion was due by April 17, 2018.

authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 11th day of July, 2018.

*[signature]*

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE